IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JOHN HAMILTON STINSON, *for himself and on behalf of all similarly situated individuals,*

PLAINTIFF,

v.

ADVANCE AUTO PARTS, INC.,

DEFENDANT.

Civil Action No. 7:12-cv-00433

ANSWER TO FIRST AMENDED CLASS COMPLAINT

COMES NOW Advance Auto Parts, Inc.[1] ("Advance Auto"), by counsel, to respond to the First Amended Class Complaint ("Complaint") filed by John Hamilton Stinson ("Stinson").

ANSWER TO COMPLAINT

1. Advance Auto admits that it uses a third party to conduct criminal background checks on some job applicants, which it has considered in making hiring decisions, but denies the remaining allegations contained in paragraph one of the Complaint.

2. Paragraph 2 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, these statements are denied.

3. Advance Auto denies the allegations contained in paragraph 3 of the Complaint.

---

[1] Had Stinson been hired, he would have likely worked for Advance Stores Company, Incorporated, a Virginia corporation, doing business as Advance Auto Parts. As such, this Answer is being submitted as if Stinson had named Advance Stores Company, Incorporated as the defendant.

4. Advance Auto denies the allegations contained in paragraph 4 of the Complaint.

5. Advance Auto admits that it contracted with USIS to obtain criminal background checks for some applicants through December 31, 2011, but any further allegations contained in paragraph 5 of the Complaint are denied.

6. Advance Auto denies the September 15, 201[0] letter was printed on "USIS Edition" letterhead with no indication it was from Advance Auto. As to the remaining allegations contained in paragraph 6 of the Complaint, they are admitted.

7. Advance Auto is without information to admit or deny whether the September 15, 201[0] letter was a computer generated or automated letter. As to the remaining allegations contained in paragraph 7 of the Complaint, they are denied.

8. As for whether the September 21, 201[0] letter states that Stinson's application for employment was denied based in whole or in part on his criminal background check or whether HireRight or USIS made the decision, the letter speaks for itself and Advance Auto denies any allegations inconsistent with the actual language of that letter. As to the remaining allegations contained in paragraph 8 of the Complaint, they are denied.

9. Paragraph 9 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, these statements are denied.

10. Paragraph 10 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, these statements are denied.

11. Advance Auto admits the allegations contained in paragraph 11 of the Complaint.

12. Advance Auto is without information to admit or deny the allegations contained in

paragraph 12 of the Complaint and as such, those allegations are denied.

13. Advance Auto is without information to admit or deny the allegations contained in paragraph 13 of the Complaint and as such, those allegations are denied.

14. Advance Auto admits the allegations contained in paragraph 14 of the Complaint.

15. Advance Auto admits that Stinson applied for work in 2010, but as to the remaining allegations contained in paragraph 15 of the Complaint, they are denied.

16. Advance Auto denies the allegations contained in paragraph 16 of the Complaint.

17. Advance Auto without information to admit or deny the allegations contained in paragraph 17 of the Complaint.

18. Advance Auto denies the allegations contained in paragraph 18 of the Complaint.

19. Advance Auto admits the allegations contained in paragraph 19 of the Complaint. Answering further, Advance Auto avers that the letter was sent to Stinson on behalf of Advance Auto.

20. Advance Auto admits the allegations contained in paragraph 20 of the Complaint, but denies the characterization that the letter was sent "shortly thereafter."

21. Advance Auto denies the allegations contained in paragraph 21 of the Complaint.

22. Advance Auto admits there was less than a week between the dates listed on the first and second letters. As to the remaining allegations contained in paragraph 22 of the Complaint they are legal conclusions or opinions and as such cannot be admitted or denied; to the extent a response is required, these statements are denied.

23. Advance Auto is without information to admit or deny the allegations contained in

paragraph 23 of the Complaint and as such, those allegations are denied.

24. Advance Auto is without information to admit or deny the allegations contained in paragraph 24 of the Complaint and as such, those allegations are denied.

25. Advance Auto denies the allegations contained in paragraph 25 of the Complaint. Answering further, Advance Auto admits only some duties were handled by USIS on behalf of Advance Auto.

26. Advance Auto denies the allegations contained in paragraph 26 of the Complaint.

27. Advance Auto denies the allegations contained in paragraph 27 of the Complaint.

28. Advance Auto admits that it used USIS through December 31, 2011 to perform criminal background checks on some job applicants.

29. Paragraph 29 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, these statements are denied.

30. Advance Auto denies the allegations contained in paragraph 30 of the Complaint.

31. Advance Auto denies the allegations contained in paragraph 31 of the Complaint.

32. Advance Auto denies the allegations contained in paragraph 32 of the Complaint.

33. Advance Auto denies the allegations contained in paragraph 33 of the Complaint.

34. Advance Auto is without information to admit or deny the allegations contained in paragraph 34 of the Complaint and as such, those allegations are denied.

35. Advance Auto denies the allegations contained in paragraph 35 of the Complaint.

36. Advance Auto denies the allegations contained in paragraph 36 of the Complaint.

37. Advance Auto denies the allegations contained in paragraph 37 of the Complaint.

38. Advance Auto denies the allegations contained in paragraph 38 of the Complaint.

39. The allegation contained in paragraph 39 is a description of the putative class and is not a factual allegation that can be admitted or denied. Advance Auto denies that the class described would constitute a class that can or should be certified.

40. Advance Auto admits that as alleged, the numerosity requirement of Rule 23 would be met by this putative class. Advance Auto otherwise denies the factual allegations contained in paragraph 40 of the Complaint.

41. Advance Auto denies the allegations contained in paragraph 41 of the Complaint.

42. Advance Auto is without information to admit or deny the allegations contained in paragraph 42 of the Complaint, therefore the allegations are denied.

43. Advance Auto denies the allegations contained in paragraph 43 of the Complaint.

44. Advance Auto denies the allegations contained in paragraph 44 of the Complaint.

45. Advance Auto denies the allegations contained in paragraph 45 of the Complaint.

46. Advance Auto denies the names and addresses of the Putative Class members are available from its records. As to the remaining allegations contained in paragraph 46 of the Complaint, Advance Auto is without information to admit or deny those allegations, therefore those allegations are denied.

47. No response is required to the statement contained in paragraph 47 of the Complaint.

48. Advance Auto admits that it considered the criminal background check performed on Stinson in making a decision not to offer employment, but is without information to admit or

deny the remaining allegations contained in paragraph 48 of the Complaint, therefore those allegations are denied.

49. Advance Auto denies the allegations contained in paragraph 49 of the Complaint.

50. Advance Auto denies the allegations contained in paragraph 50 of the Complaint.

51. Advance Auto denies the allegations contained in paragraph 51 of the Complaint.

52. Advance Auto denies the allegations contained in paragraph 52 of the Complaint.

53. Advance Auto denies the allegations contained in paragraph 53 of the Complaint.

54. Advance Auto denies the allegations contained in paragraph 54 of the Complaint.

55. Advance Auto denies that Stinson is entitled to the relief requested in his Wherefore clause, that Stinson has been damaged in any amount and/or in the amounts set forth in this Wherefore clause; or that the remedies identified in Stinson's Wherefore clause are available as a matter of law.

### AFFIRMATIVE AVERMENTS

56. Advance Auto denies any and all allegations of the Complaint not expressly admitted herein.

57. The Complaint fails to state a claim upon which relief may be granted.

58. Some or all of the claims stated in the Complaint, including claims made on behalf of the putative class, are barred by the applicable statute of limitations.

59. Advance Auto at all times relevant to Stinson's Complaint acted in compliance with the FCRA, and is entitled to every defense afforded to it by that statute.

60. Advance Auto acted in good faith and without malice or intent to injure Stinson.

61. Advance Auto did not willfully violate the Fair Credit Reporting Act ("FCRA") or any other legal requirement.

62. Advance Auto did not negligently violate the FCRA or any other legal requirement.

63. To the extent that a violation of the FCRA is established, any such violation was not willful and occurred despite the maintenance of reasonable policies and procedures to avoid such violation.

64. Any violation of the FCRA, which is expressly denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

65. Stinson's claims, and the claims made on behalf of the putative class, are barred, in whole or in part, to the extent Stinson failed to mitigate his damages.

66. Stinson's claims, and the claims made on behalf of the putative class, are barred, in whole or in part, to the extent that neither Stinson nor any member of the putative class has suffered any actual damages.

67. Stinson's claims, and the claims made on behalf of the putative class, are barred, in whole or in part, to the extent Stinson's damages, if any, were caused by his own acts or omissions, or other acts or omissions by third parties other than Advance Auto.

68. Stinson's claims, and the claims made on behalf of the putative class, for punitive damages, may be unconstitutional to the extent they fail to comport with the Due Process clause under the Constitution of the United State of America and the Constitution of Virginia. *See, e.g., Williams v. Telespectrum, Inc.,* No. 3:05cv853, 2007 U.S. Dist. LEXIS 78415, at *18-19 (E.D. Va.

2007).

69. The Complaint fails to adequately define any class of persons who could properly prosecute this action as a class action; fails to allege any claim that could be prosecuted as a class action; and otherwise fails to satisfy the requirements of Fed. R. Civ. P. 23.

70. This action should not be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

71. Advance Auto will rely upon all other defenses that are revealed by further investigation, discovery or the presentation of evidence and reserves the right to file an amended answer or other appropriate pleading as permitted by this Court.

72. Advance Auto reserves the right to amend this Answer to assert any additional defenses, counterclaims, or limitations on damages upon completion of discovery.

ADVANCE AUTO PARTS, INC.

By: _____/s/_____
Counsel

Kevin D. Holden, Esq. (VSB#30840)
Crystal L. Norrick, Esq. (VSB#73273)
Jackson Lewis LLP
1021 East Cary Street, Suite 1200
Richmond, Virginia 23219
Tel:  804.649.0404
Fax:  804.649.0403
kevin.holden@jacksonlewis.com
crystal.norrick@jacksonlewis.com

*Counsel for Advance Auto Parts, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notification of such filing to the following, who is registered with the Court's CM/ECF System:

Leonard Anthony Bennett, Esq.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
Tel.: (757) 930-3660
Fax:  (757) 930-3662
lenbennett@clalegal.com

                                                  /s/
Kevin D. Holden, Esq. (VSB#30840)
Crystal L. Norrick, Esq. (VSB#73273)
Jackson Lewis LLP
1021 East Cary Street, Suite 1200
Richmond, Virginia 23219
Tel:  804.649.0404
Fax:  804.649.0403
kevin.holden@jacksonlewis.com
crystal.norrick@jacksonlewis.com

*Counsel for Advance Auto Parts, Inc.*

4832-5097-1665, v.  2