## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is made and entered into by and between (1) Plaintiff John Hamilton Stinson, ("Plaintiff") individually and as a representative of the Settlement Class as defined below; (2) Advance Auto Parts, Inc., **its parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities** (collectively "Defendant" or Advance Auto Parts"). Plaintiff and Defendant are collectively referred to as the "Parties." This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all released rights and claims to the extent set forth below, subject to the terms and conditions set forth herein.

## RECITALS

**WHEREAS**, Defendant obtains background screening reports to be used in connection with certain employment decisions it makes; and

**WHEREAS**, on September 11, 2012, Plaintiff commenced the lawsuit styled *John Hamilton Stinson, for himself and on behalf of all similarly situated individuals v. Advance Auto Parts, Inc.*, in the United States District Court for the Western District of Virginia, Civil Action No: 7:12cv433 ("the Litigation"),

**WHEREAS**, on November 16, 2012, Plaintiff filed an Amended Class Complaint in the Litigation, alleging that Defendant willfully failed to comply with the pre-adverse action notification requirements in 15 U.S.C. § 1681b(b)(3) prior to taking adverse employment action against him ; and

1

**WHEREAS**, on December 8, 2012, Defendant answered the Amended Class Complaint denying the allegations therein, denying that the actions are suitable for certification pursuant to Federal Rule of Civil Procedure 23, and asserting various defenses; and

**WHEREAS**, the subject and claims in this litigation have been the subject of substantial recent litigation in the Fourth Circuit involving comparable parties, claims and defenses; and

**WHEREAS**, Plaintiff believed the claims he alleged in this action were well established and with a substantial likelihood of success, but Defendant believed its defenses and arguments opposed to class certification were equally strong and likely dispositive; and

**WHEREAS**, after the parties had conducted informal, but significant, fact discovery, the parties engaged in court-facilitated mediation with Magistrate Judge Robert S. Ballou ("Judge Ballou").;

**WHEREAS**, under the supervision and with the assistance of Judge Ballou, the Parties conducted arms-length, contentious negotiations and agreed in principle to a settlement structure and amount to resolve the Litigation as described further below, the Plaintiff having conducted adequate document review and analysis of the class size relative to the single count of the Amended Class Complaint; and

**WHEREAS**, the Parties are willing to enter into this Settlement Agreement to settle the claims of the Plaintiff and Settlement Class Members because of, among other reasons, the attendant expense, risks, difficulties, delays, and uncertainties of continued litigation; and

**WHEREAS**, Plaintiff and Settlement Class Counsel believe that this Settlement Agreement provides fair, reasonable, and adequate relief to the Settlement Class Members and is in the best interest of the Settlement Class Members settled, compromised, and dismissed on the merits and with prejudice on the terms set forth below, subject to the approval of the Court;

2

**NOW THEREFORE**, IT IS AGREED, by and among the Parties, without (a) any admission or concession of the lack of merit of the Litigation whatsoever on the part of Plaintiff, or (b) any admission or concession of liability or wrongdoing or the lack of merit of any defense whatsoever by Defendant, that the Litigation and all claims of the Settlement Class be settled, compromised, and dismissed on the merits and with prejudice on the terms set forth below, subject to the approval of the Court.

The recitals stated above are true and accurate and are hereby made a part of the Settlement Agreement.

## I. DEFINITIONS

As used in this Settlement Agreement, the terms defined below shall have the meanings assigned to them when capitalized in the same fashion as in this Part I.    Any other terms that relate to the consumer reporting industry shall have the customary meaning accorded to those terms in the consumer reporting industry.

1.1    "Settlement Class" means all natural persons residing in the United States or its territories, (a) who applied for an employment position with Defendant or any of its subsidiaries, (b) as part of this application process were the subject of a consumer report obtained by a Defendant, (c) where that consumer report contained a criminal public record or credit item that would disqualify the person from such position under Defendant's written hiring policies, (d) which consumer was not then approved or hired for the position, (e) and to whom Defendant did not provide a copy of the consumer report or where the Defendant otherwise failed to comply with 15 U.S. C. § 1681b(b)(3)(A)(ii), provided, however, that the Settlement Class shall exclude: (i) all persons who timely and validly request exclusion from the Settlement Class; (ii)

3

Defendant's attorneys; (iii) Plaintiff's attorneys; (iv) any judge who has presided over either mediation or disposition of this case and the members of his/her immediate family.

1.2    "Settlement Class Members" means the members of the Settlement Class.

1.3    "Attorneys' Fees" means the attorneys' fees and expenses applied for by Settlement Class Counsel relating to this Settlement Agreement and approved by the Court.

1.4    "CAFA Notice" means notice of this proposed settlement to the appropriate federal and state officials, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

1.5    "Class Settlement Agreement" or "Settlement Agreement" means this Settlement Agreement and Release.

1.6    "Consumer" means a natural person residing in the United States of America or its territories.

1.7    "Consumer Report" shall mean as that term is defined the FCRA, 15 U.S.C. § 1681a, and shall include without limitation criminal background checks furnished by HireRight and Esteem reports furnished by LexisNexis.

1.8    "Court" means the United States District Court for the Western District of Virginia.

1.9    "Defendant" means Advance Auto Parts

1.10   "Defendant's Counsel" means Jackson Lewis, LLP.

1.11   "Effective Date" means the date on which the Court's Final Approval Order and the Court's order regarding Attorneys' Fees have all become final because either (i) no appeal of the Final Approval Order or the Court's order regarding Attorneys' Fees have been filed and the time provided in the applicable rules of procedure within which an appeal may be filed has lapsed, or (ii) if one or more timely appeals have been filed, all such appeals are finally resolved, with no possibility of further appellate review, resulting

in final judicial approval of this Settlement. For purposes of this definition, the term "appeal" includes writ proceedings.

1.12 "FCRA" means the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, and any subsequent amendments thereto.

1.13 "FCRA State Equivalents" means any statute, regulation, or common law rule of any state, U.S. territory, the District of Columbia, or Puerto Rico, that has the purpose or effect of regulating the collection, reporting, or use of consumer information and related actions.

1.14 "Final Approval" means the approval of the Settlement Agreement by the Court at or after the Final Approval Hearing, and entry on the Court's docket of the Final Approval Order.

1.15 "Final Approval Order" means a final order and judgment in substantially the form attached hereto as Exhibit A entered by the Court giving Final Approval to the Settlement Agreement and dismissing with prejudice Plaintiff's claims and entering a judgment according to the terms set forth in this Settlement Agreement.

1.16 "Final Approval Hearing" or "Final Fairness Hearing" means the hearing at which the Court will consider and finally decide whether to approve this Settlement, enter the Final Approval Order, and make such other rulings as are contemplated by this Settlement. The Final Approval Hearing shall not be scheduled for a date less than 90 calendar days following the mailing of CAFA Notice as set forth in Section 4.3.

1.17 "Litigation" means *John Hamilton Stinson, for himself and on behalf of all similarly situated individuals v. Advance Auto Parts, Inc.*, 7:12cv433 (W.D. Va.).

1.18   "Mail Notice" means the notice (in a form substantially similar to that attached hereto as Exhibit B and approved by the Court) that will be mailed to proposed Settlement Class Members pursuant to the Notice Plan.

1.19   "Named Plaintiff" means the Plaintiff named in the Litigation, i.e., John Hamilton Stinson.

1.20   "Notice and Administration Expenses" means the fees, costs, and expenses incurred by the Settlement Administrator in order to carry out its obligations under this Settlement Agreement.

1.21   "Notice Plan" means the plan for disseminating notice to proposed Settlement Class Members as described in Sections 4.1 and 4.2 hereof.

1.22   "Parties" means Plaintiff and Defendant.

1.23   "Payment Notice" means the notice sent to Settlement Class Members at the time of payment pursuant to Subsection 7.2.5 of this Settlement Agreement.

1.24   "Preliminary Approval" means preliminary approval of the Settlement Agreement by the Court, conditional certification of the Settlement Class, and approval of the method and content of notice to the Settlement Class.

1.25   "Preliminary Approval Order" means the order entered by the Court granting Preliminary Approval.

1.26   "Released Claims" means any and all claims arising under Section 604 of the FCRA, 15 U.S.C. § 1681b, and/or FCRA State Equivalents of Section 604 of the FCRA regarding any consumer report(s) obtained by Advance Auto Parts.

1.27   "Released Parties" means and refers to Advance Auto Parts, Inc., and each of their respective present, former and future affiliates, parents, subsidiaries, corporate family

members, insurers, indemnitors, officers, directors, partners, employees, agents, attorneys, servants, heirs, administrators, executors, members, member entities, shareholders, predecessors, successors, representatives, trustees, principals, vendors, and assigns, individually, jointly and severally. The Parties understand that this definition shall not include any consumer reporting agency that may have furnished a consumer report to a Released Party.

1.28 "Settlement" means the agreement between the Named Plaintiff (on behalf of himself and as proposed representative of the Settlement Class) and Defendant to settle and compromise Named Plaintiff's and the Settlement Class Members' claims in the Litigation, as memorialized in this Settlement Agreement and the accompanying documents attached hereto, fully, finally and forever.

1.29 "Settlement Administrator" means Settlement Class Counsel, which by agreement shall act as administrator of the Settlement.

1.30 "Settlement Class Counsel" or "Class Counsel" means Leonard Bennett and Susan M. Rotkis of Consumer Litigation Associates, P.C.

1.31 "Settlement Fund" means the escrow account established pursuant to Section 7.1 herein and the $360,000.00 to be deposited into it pursuant to Section 7.1.

## II. NO ADMISSION OF LIABILITY OR ELEMENTS OF CLASS CERTIFICATION

2.1 Defendant's Denial Of Wrongdoing Or Liability

Defendant has asserted and continues to assert many defenses in this Litigation and has expressly denied and continues to deny any fault, wrongdoing or liability whatsoever arising out of the conduct alleged in the Litigation. Defendant expressly denies any fault, wrongdoing or liability whatsoever, as well as the validity of each of the claims and prayers for relief asserted in

the Litigation. The Parties expressly acknowledge and agree that neither the fact of, nor any provisions contained in, this Settlement Agreement, nor any of the implementing documents or actions taken under them, nor Defendant's willingness to enter into this Settlement Agreement, nor the content or fact of any negotiations, communications, and discussions associated with the Settlement shall constitute or be construed as an admission by or against Defendant of any fault, wrongdoing, violation of law or liability whatsoever, the validity of any claim or fact alleged in the Litigation, or any infirmity of any defenses asserted by Defendant in the Litigation.

2.2    No Admission by Defendant of Elements of Class Certification
Defendant denies that a class should be certified other than for purposes of this Settlement and reserves its rights to contest any class certification motion. Defendant contends that this Litigation could not be certified as a class action under Federal Rule of Civil Procedure

2.3    Nothing in this Settlement Agreement shall be construed as an admission by Defendant that this Litigation or any similar case is amenable to class certification for trial purposes. Furthermore, nothing in this Settlement Agreement shall prevent any Defendant from opposing class certification or seeking de-certification of the conditionally certified settlement class if Final Approval of this Settlement is not obtained, or not upheld on appeal, including review by the United States Supreme Court.

## III.    MOTION FOR PRELIMINARY APPROVAL

3.1    Settlement Class Counsel shall file this Settlement Agreement with the Court together with a consent motion for Preliminary Approval that seeks entry of an order that would, for settlement purposes only: (i) certify a conditional settlement class under Federal Rule of Civil Procedure 23 composed of the Settlement Class Members as described in Sections 1.1 and 1.2; (ii) preliminarily approve this proposed Settlement Agreement; (iii) approve the proposed Mail Notice to the proposed Settlement Class Members in a form substantially similar to that attached

8

hereto as Exhibit B; (iv) certify the Named Plaintiff as representative of the Settlement Class; (v) appoint Settlement Class Counsel; and, (vi) appoint the Settlement Administrator.

3.2     Settlement Class Counsel will act as the Settlement Administrator.

## IV.     NOTICE PLAN

4.1     Preparation and Production of Settlement Class Lists

4.1.1     The Parties have agreed that Class Counsel shall retain responsibility for mailing class notices, receiving and compiling opt out forms and general administration of the settlement.

4.1.2     Defendant agrees to provide to the Settlement Administrator the Social Security number, date of birth, electronic mail address, and mailing address of each Consumer ("Class List"), to the extent such information can be systematically retrieved through commercially reasonable methods from the transactional processing databases of Defendant or its agents. Defendant shall update mailing addresses through the USPS National Change of Address database.

4.1.3     Defendant represents that there are approximately 2,571 (two thousand five hundred seventy-one) Settlement Class Members.  This estimate constitutes a material term of the Settlement.

4.1.4     Within five (5) business days of entry of the Preliminary Approval order, Defendant shall provide the information for each Consumer appearing on the class list, as  described in Subsection 4.1.2 to the Settlement Administrator.

4.2     Notice Process

For purposes of providing court-approved class notices and establishing that the best practicable notice has been given, the provision of class notice will be accomplished in accordance with the following provisions.

4.2.1    Mail Notice - Within thirty (30) calendar days following Preliminary Approval, Class Counsel shall cause the Mail Notice to be sent via first-class U.S. mail, postage prepaid, to all Settlement Class Members. For up to thirty (30) calendar days following mailing of the Mail Notice, Class Counsel will re-mail the Mail Notice via first-class U.S. mail, postage prepaid, to updated addresses of Consumers identified on the Settlement Class list to the extent that the Settlement Administrator receives address change notifications from the U.S. Postal Service. Upon filing of the Motion for Final Approval of the Class Settlement, neither Party shall have any further obligation to send notice of the Settlement to proposed Settlement Class Members.

4.2.2    Internet Notice

Class Counsel shall cause the Class Notice to be placed online either within a standalone weblink or within a url on Class Counsel's law firm website such as: www.consumerlawusa.com/advancedautoclassnotice.  The weblink shall contain this agreement, the class notice and copies of all motions and memoranda filed in support of approval of this settlement.  This weblink shall remain active for Sixty (60) days after final approval. The form of the notice shall be similar to that at: http://www.claimsinformation.com/usunwired.aspx and if any description or wording is included in the website notice, such wording will be subject to the approval of counsel for Advance Auto.

4.2.3    Costs of Notice and Administration

Defendant shall pay all costs of printing and mailing notice separate and apart from the common fund.  Defendant shall not pay or be made to pay any other cost of class notice or administration.

4.3     Notice Under Class Action Fairness Act of 2005 ("CAFA Notice")

Defendant will send the CAFA Notice in accordance with 28 U.S.C. § 1715(a) not later than ten (10) business days after this Settlement Agreement is filed with the Court.   Defendant will bear the cost associated with sending the CAFA Notice.  Defendant shall file with the Court a certification of the date upon which the CAFA Notice was served.

## V.     PROCEDURES FOR OPT-OUTS AND OBJECTIONS

5.1     Opt-Out Procedures

5.1.1   The Mail Notice shall contain information about how a proposed Settlement Class Member may opt out of the Settlement, as well as the potential implications of doing so, including that opting out may preclude later participation in any class action against the Released Parties.

5.1.2   A proposed Settlement Class Member may request to be excluded from the Settlement Class by sending a written request for exclusion to "Exclusion Requests – Stinson v. Advance Auto Parts, Inc." to the address for Class Counsel provided in the Mail Notice.   The proposed Settlement Class Member's opt-out request must contain the Consumer's original signature, current postal address and telephone number, the last four digits of the Consumer's Social Security number, and a specific statement that the proposed Settlement Class Member wants to be excluded from the Settlement Class.   Opt-out requests must be postmarked no later than twenty-one (21) calendar days before the Final Approval Hearing.

5.1.3   In no event shall persons who purport to opt out of the Settlement Class as a group, aggregate, or class involving more than one consumer be considered valid opt-outs.

5.1.4   Requests for exclusion that do not comply with Subsections 5.1.2 and 5.1.3 are invalid.

11

5.1.5   List of Opt Outs - No later than five (5) business days after the deadline for submission of opt-out requests, Class Counsel shall provide to Defendant's Counsel a complete list of all proposed Settlement Class Members who have properly opted out of the Settlement together with copies of the opt-out requests.

5.2   **Objections from Settlement Class Members**

Any Settlement Class Member who does not opt out, but who instead wishes to object to the Settlement or any other matters as described in the Mail Notice, may do so by filing with the Court a notice of his or her intention to object (which shall set forth each objection and the basis therefore and containing the objecting Settlement Class Member's signed verification of membership in the Settlement Class), with any papers in support of his or her position, and serve copies of all such papers upon Settlement Class Counsel and Defendant's Counsel at the addresses provided in the Mail Notice.  Objections must be filed and served no later than twenty-one (21) calendar days before the Final Fairness Hearing.  Written objection must indicate whether the Settlement Class Member and/or his lawyer(s) intend to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing must enter a Notice of Appearance of Counsel with the Clerk of the Court no later than the date set by the Court in its Preliminary Approval Order and shall include the full caption and case number of each previous class action case in which that counsel has represented an objector.

**VI.   FINAL FAIRNESS HEARING AND FINAL APPROVAL**

6.1   Final Fairness Hearing

The Parties will jointly request that the Court hold the Final Fairness Hearing to consider approval of the Settlement of the Litigation as provided for herein approximately one hundred (100) calendar days after Preliminary Approval but in no event fewer than 90 calendar days after CAFA Notice is served.  On or before a date at least ten (10) business days prior to the Final

Fairness Hearing, Settlement Class Counsel shall file a motion for entry of the Final Approval Order. The Parties agree that the Final Approval Order constitutes a final judgment dismissing the Litigation with prejudice.

6.2     **Final Approval**

All relief contemplated by this Settlement Agreement is expressly contingent upon the Settlement Agreement receiving the Court's Final Approval.

## VII.    SETTLEMENT FUND

7.1     Creation of and Deposit Into Settlement Fund

Within five (5) business days of Preliminary Approval, Settlement Class Counsel shall establish an escrow account or equivalent account at Towne Bank, a federally-insured financial institution (the "Financial Institution"), which shall be considered a common fund created as a result of the Litigation. Settlement Class Counsel and Defendant's Counsel shall direct the Financial Institution to make distributions from the Settlement Fund only in accordance with this Settlement Agreement. Settlement Class Counsel shall promptly notify Defendant's Counsel of the date of the establishment of the Settlement Fund account. Within ten (10) business days following Preliminary Approval, Defendant shall deposit or cause to be deposited by their insurers and/or indemnitors, with the Financial Institution, by draft or by wire, the aggregate amount of $360,000.00. The Settlement Fund may not be commingled with any other funds and may be held in cash, cash equivalents, certificates of deposit or instruments insured by an arm of or backed by the full faith and credit of the United States Government. Interest earned, if any, on the Settlement Fund shall be for the benefit of the Settlement Class in the event this Settlement Agreement is not terminated by the Defendant and the Effective Date otherwise occurs.

7.2     Use and Disbursement of Settlement Fund

7.2.1   The Settlement Fund shall be used only in the manner and for the purposes provided for
in this Settlement Agreement. No portion of the Settlement Fund shall be disbursed except as
expressly provided for herein.

7.2.2   Attorneys' Fees. Within five (5) business days after the Effective Date, the Settlement
Administrator shall pay from the Settlement Fund the Attorneys' Fees as provided in Section 7.3.

7.2.3   Incentive Award. Within five (5) business days after the Effective Date, the Settlement
Administrator shall pay from the Settlement Fund the Service award to the Named Plaintiff as
provided in Section 7.4.

7.2.4   Notice and Administration Expenses. Class Counsel shall separately invoice and be paid
for Printing and Mailing Expenses by the Defendant as provided in Section

7.2.5   Settlement Payments. Within five (5) business days after the Effective Date, Class
Counsel shall mail Payment Notices and settlement checks in the amounts set forth in Subsection
7.6 to the Settlement Class Members via U.S. Mail. The settlement checks shall include the
appropriate release as set forth in Subsection 7.6.3. The Payment Notices accompanying the
settlement checks shall notify the recipients that the checks must be cashed within 90 calendar
days from the date on the Payment Notice and that the enclosed check shall not be valid after that
date. If the check has not been deposited or cashed within ninety (90) calendar days after the date
on the Payment Notice, the amount of the check shall remain in the Settlement Fund for further
distribution pursuant to this Settlement Agreement.

7.2.6   Cy Pres. Within one-hundred twenty (120) calendar days after the date on the Payment
Notice, any excess funds remaining in the Settlement Fund shall be returned to Advance Auto
Parts and within 5 business days thereafter, Advance Auto Parts will pay the same amount that

14

was returned pursuant to this Section 7.2.6 to the Boys & Girls Club of Southwest Virginia, subject to approval by the Court.

7.3     Attorneys' Fees

7.3.1   No later than ten (10) business days before the Final Approval Hearing, Settlement Class Counsel shall file an application to the Court for reimbursement of Attorneys' Fees and costs from the Settlement Fund, not to exceed twenty-seven and a half percent (27.5 %). The application shall be noticed to be heard at the Final Fairness Hearing. Defendant agrees to the request for Attorneys' Fees and will not oppose such a request. To the extent the Court approves an award of Attorneys' Fees in an amount less than the above amount, the difference will remain in the Settlement Fund.

7.3.2   The application for Attorneys' Fees, and any and all matters related thereto, shall not be considered part of the Settlement Agreement, and shall be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement. Plaintiff and Settlement Class Counsel agree that this Settlement Agreement is not conditional on the Court's approval of Attorneys' Fees in the requested amount or in any amount whatsoever. The Court's ruling on the application for such fees shall not operate to terminate or cancel the Settlement.

7.3.3   Defendant shall have no responsibility for, or any liability with respect to, the payment of Attorneys' Fees to the Settlement Class Counsel. The sole source of any payment of Attorneys' Fees shall be the Settlement Fund. Attorneys' Fees in the amount approved by the Court will be paid through distribution from the Settlement Fund by the Settlement Administrator within five (5) business days after the Effective Date.

7.4 Service Award to the Named Plaintiff

On or before ten (10) business days before the Final Fairness Hearing, Settlement Class Counsel shall file an application to the Court for a service award, not to exceed Five-Thousand dollars ($5,000.00), to be paid to the Named Plaintiff serving as class representative in support of the Settlement. Defendant agrees to and will not oppose such a request. To the extent the Court approves a service award in an amount less than the amount above, the difference will remain in the Settlement Fund. The Court's ruling on the application for such service award shall not operate to terminate or cancel the Settlement.

7.4.1 [omitted]

7.4.2 Defendant shall have no responsibility for, or any liability with respect to, the payment of a service award to the Named Plaintiff. The sole source of any service award payment shall be the Settlement Fund. A service award in the amount approved by the Court will be paid through distribution from the Settlement Fund by the Settlement Administrator within five (5) business days after the Effective Date.

7.5 Notice and Administration Expenses

7.5.1 The Parties have agreed that the Defendant shall pay the cost to generate and supply the class list, and to print and mail the Notices. The Settlement Class Counsel shall administer the Settlement by printing and mailing the Notices together with the other duties described herein to effect Notice.

7.5.2 The cost of mailing and printing the Settlement Class Notice shall not be paid from the Settlement Fund.

7.5.3 Any disputes relating to this Section 7.5 shall be brought to Judge Ballou for summary resolution.

16

7.6     Settlement Class Member Payments

7.6.1    Settlement Class Members who appear on the Settlement Class list are entitled to payment pursuant to the process set forth in Section 7.2.5 in the approximate gross amount of one hundred thirty-eight dollars and zero cents ($138.00) each. The amount of each check to be issued to such Settlement Class Members is subject to pro rata deduction from the Settlement Fund for Attorneys' Fees and for any incentive award approved by the Court.

7.6.2    All payments described in Subsection 7.6.1 shall be funded through the Settlement Fund.

7.6.3    Settlement checks shall state: "This payment is tendered to you as a class member in Stinson v. Advance Auto Parts, Inc., No. 7:12cv433 (W.D. Va.), in consideration for your release of the Released Parties as set forth in the Settlement Agreement and Release."

7.7     Capped Fund

        Except for the costs of the CAFA Notice pursuant to Section 4.3 hereof and any Notice and Administration Expenses Defendant may be required to pay pursuant to Subsection 4.2.2 and 7.5.1 hereof, all of the following must be paid from the Settlement Fund: (i) payments to the Settlement Class Members; (ii) payments to Settlement Class Counsel for Attorneys' Fees; (iii) a service award to the Named Plaintiff. The Parties and their respective counsel agree that under no circumstances other than those expressly set forth in Subsections 4.3 (CAFA Notice) and 7.5.1 (Defendant's portion of Notice and Administration Expenses) hereof will Defendant pay or cause to be paid more than $360,000.00 pursuant to this Settlement Agreement.

## VIII.   RELEASE OF CLAIMS

8.1     Settlement Class Release

        Upon the Effective Date, and in exchange for the relief described in this Settlement Agreement, Named Plaintiff and each Settlement Class Member who did not validly opt out of

the Settlement and each of their respective spouses, heirs, executors, trustees, guardians, wards, administrators, representatives, agents, attorneys, partners, successors, predecessors and assigns and all those acting or purporting to act on their behalf (including the government in its capacity as parens patriae) completely, finally and forever release and discharge the Released Parties of and from the Released Claims. Subject to the Court's approval, this Settlement Agreement shall bind all Settlement Class Members and all of the Released Claims shall be dismissed with prejudice and released as against the Released Parties, even if the Settlement Class Member never received actual notice of the Settlement prior to the Final Approval Hearing. The Released Claims are released regardless of whether they are known or unknown, concealed or hidden, suspected or unsuspected, anticipated or unanticipated, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, fixed or contingent.

8.2     Waiver of California Civil Code Section 1542

Plaintiff, for himself and for each Settlement Class Member, acknowledges that he is aware that he may hereafter discover facts in addition to or different from those that he or Settlement Class Counsel now knows or believes to be true with respect to the subject matter of these releases, but it is his intention to, and he does hereby, upon the Effective Date of this Settlement Agreement, fully, finally and forever settle and release any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiff, for himself and for each Settlement Class Member, waives any and all rights and benefits afforded by California Civil Code Section 1542, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff and Settlement Class Counsel understand and acknowledge the significance of this waiver of California Civil Code Section 1542 and/or of any other applicable federal or state law relating to limitations on releases. For example, it is expressly understood and agreed by Plaintiff, for himself and for each Settlement Class Member, that this Settlement Agreement is in full accord, satisfaction and discharge of any Released Claims encompassed by this Settlement Agreement and that this Settlement Agreement has been executed by Plaintiff with the express intention of effectuating the legal consequences provided for in California Civil Code Section 1541, i.e., the extinguishment of certain obligations, known or unknown. Plaintiff has read Section 1541 and it is fully understood by him. Section 1541 provides as follows:

> AN OBLIGATION IS EXTINGUISHED BY A RELEASE THEREFROM GIVEN TO THE DEBTOR BY THE CREDITOR, UPON A NEW CONSIDERATION, OR IN WRITING, WITH OR WITHOUT NEW CONSIDERATION.

## IX.   TERMINATION AND SUSPENSION

9.1   Rights to Terminate Agreement

Defendant's willingness to settle this Litigation on a class-action basis and to agree to the certification of conditional Settlement Class is dependent upon achieving finality in this Litigation and avoiding the expense of this and other litigation. Consequently, Defendant shall have the unilateral and unfettered right to individually terminate this Settlement Agreement, declare it null and void, and have no further obligations under this Settlement Agreement to the Plaintiff, Settlement Class Members, or Settlement Class Counsel if any of the following conditions subsequently occurs:

a.   The Court fails or declines to grant Preliminary Approval;

b.   The Court materially modifies the Final Approval Order such that it is not acceptable to Defendant;

19

c.      The Effective Date does not occur for any reason, including the entry of an order by any court that would require either material modification or termination of the Settlement.

The failure of any Court to approve the Attorneys' Fees or incentive award in the requested amounts, or any amounts whatsoever, shall not be grounds for Named Plaintiff or Settlement Class Counsel to terminate this Settlement Agreement.

9.2     Procedure for Terminating Agreement

To terminate this Settlement Agreement, Defendant or Defendant's Counsel shall provide written notice of termination to Settlement Class Counsel via e-mail *and* first-class U.S. Mail. Termination of this Settlement Agreement shall become effective on the date such written notice is provided via email.

9.3     Effect of Termination on This or Future Litigation

If this Settlement Agreement is terminated:

a.      the class-certification portions of the Settlement Agreement shall have no further force and effect and shall not be offered in evidence or used in the Litigation or in any other proceeding;

b.      counsel for the Parties shall seek to have any Court orders, filings, or other entries in the Court's file that result from this Settlement Agreement set aside, withdrawn, and stricken from the record;

c.      the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and

d.      the Parties shall stand in the same procedural position as if the Settlement

Agreement had not been negotiated, made, or filed with the Court.

9.4     Effect on Monies Paid Pursuant to Settlement Agreement
        If this Settlement Agreement is terminated or the Effective Date otherwise does not

occur, the Settlement Fund, including interest earned but less Taxes and Tax Expenses that have

been properly disbursed pursuant to this Settlement Agreement, shall be returned directly to

Defendant or their designee(s) within five (5) business days of notification by Defendant.

## X.      MISCELLANEOUS PROVISIONS

10.1    Admissibility of Settlement Agreement

        This Settlement Agreement shall not be offered or be admissible in evidence in any

action or proceeding except (1) the hearings necessary to obtain and implement Court approval

of this Settlement; or (2) any hearing to enforce the terms of this Settlement Agreement or any

related order by the Court.

10.2    Successors and Assigns

        The terms of this Settlement Agreement shall apply to and bind the Parties as well as

their heirs, successors and assigns.

10.3    Communications with Parties Relating to Settlement Agreement

        All notices, requests for consent, and other formal communications under this Settlement

Agreement shall be in writing and sent by mail to counsel for the Party to whom the notice is

directed at the following addresses:

**If to Plaintiffs:**                          **If to Defendant:**

Leonard A. Bennett                             Kevin D. Holden
Susan M. Rotkis                                Jackson Lewis, LLP
Consumer Litigation Associates, P.C.           Two James Center
763 J Clyde Morris Blvd Suite 1-A              1021 East Cary Street, Suite 1200
Newport News, VA  23601                        Richmond, Virginia  23219

21

Any Party may, by written notice to all the other Parties, change its designated recipient(s) or notice address provided above.

10.4    Defendant's Communications with Consumers in the Ordinary Course of Business

Defendant reserves the right to continue communicating with Consumers that are their customers, employees, or prospective employees, including Settlement Class Members, in the ordinary course of business. To the extent Consumers initiate communications regarding this Settlement Agreement, Defendant and their counsel may confirm the fact of a settlement and refer inquiries to the Settlement Administrator.

10.5    Efforts to Support Settlement

The Parties and their counsel agree to cooperate fully in seeking Court approval for this Settlement Agreement and to use their best efforts to effect the consummation of the Settlement and to protect the Settlement Agreement by applying for appropriate orders enjoining others from initiating or prosecuting any action arising out of or related to facts or claims alleged in the Litigation, if so required.

10.6    Procedures for Disputes Between Parties Relating to the Settlement Agreement

To the extent any disputes or issues arise with respect to documenting or effecting the Settlement Agreement, the Parties agree to use their best efforts to informally resolve any such disputes or issues; but in the event any such dispute or issue cannot be resolved informally, to bring any such dispute or issue to the Court for resolution.

10.7    Entire and Voluntary Agreement

The Parties intend the Settlement Agreement to be a final and complete resolution of the Litigation. The Parties agree that the terms of the Settlement Agreement were negotiated at

arm's length and in good faith and were reached voluntarily after consultation with competent legal counsel. There shall there be no presumption for or against any Party that drafted all or any portion of this Settlement Agreement. This Settlement Agreement contains the entire agreement and understanding concerning the subject matter between the Parties and supersedes all prior negotiations and proposals, whether written or oral. No other party or any agent or attorney of any other party has made any promise, representation or warranty whatsoever not contained in this Settlement Agreement and the other documents referred to in this Settlement Agreement to induce Plaintiff or Settlement Class Counsel to execute the same. The Parties represent that they have not executed this Settlement Agreement or the other documents in reliance on any promise, representation or warranty not contained or referred to in this Settlement Agreement.

10.8    Headings for Convenience Only

The headings in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

10.9    Settlement Agreement Controls

All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. To the extent that there is any conflict between the terms of this Settlement Agreement and the exhibits attached hereto, this Settlement Agreement shall control.

10.10  Amendments

The Settlement Agreement may be amended or modified only by a written instrument signed by Defendant and Settlement Class Counsel, or their respective successors-in-interest.

10.11  Authorization of Counsel

10.11.1    Settlement Class Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiff and the Settlement Class Members to take all appropriate action required or

permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class that they deem necessary or appropriate.

10.11.2    Each attorney or other person executing the Settlement Agreement on behalf of any Party hereto hereby warrants that such attorney or other person has the full authority to do so.

10.12  Court's Jurisdiction

The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement.

10.13  Construction

Each of the Parties has cooperated in the drafting and preparation of this Settlement Agreement. Hence, in any construction to be made of this Settlement Agreement, the same shall not be construed against any of the Parties. Before declaring any provision of this Settlement Agreement invalid, a court should first attempt to construe the provision valid to the fullest extent possible consistent with applicable precedent so as to find all provisions of this Settlement Agreement valid and enforceable.

10.14  No Claims Arising from this Settlement Agreement

No person shall have any claim against any Released Party or counsel for any Released Party, Named Plaintiff, or Settlement Class Counsel based on distribution of benefits made substantially in accordance with this Settlement Agreement or any Settlement Agreement-related order(s) of the Court.

10.15  Applicable Law

This Settlement Agreement shall, in all respects, be interpreted, construed and governed by and under the laws of the United States of America.  To the extent state law applies for any

24

reason, the laws of the State of Virginia shall be applied. All judicial proceedings regarding this Settlement Agreement shall be brought only in the Court. Any notice period set forth in this Settlement Agreement shall be calculated pursuant to the Federal Rules of Civil Procedure and the Western District of Virginia's Civil Local Rules.

10.16   Counterparts

This Settlement Agreement may be executed in one or more counterparts and by facsimile. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the Parties shall exchange among themselves signed counterparts, and a complete set of executed counterparts shall be filed with the Court.

## XI.   SETTLEMENT FUND TAX ISSUES

11.1   The Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder ("IRC"). The Settlement Administrator shall take no actions that are inconsistent with the Settlement Fund's status as a "qualified settlement fund." Further, the Settlement Administrator may petition the Court to amend, either in whole or in part, any portion of this Settlement Agreement that causes unanticipated tax consequences or liabilities inconsistent with the foregoing.

11.2   It is intended that all transfers to the Settlement Fund will satisfy the "all events test" and the "economic performance" requirements of IRC Section 461(h)(1) and Treas. Reg. § 1.461-1(a)(2). As such, the transferor(s) and the Released Parties shall not be taxed on the income of the Settlement Fund. The Settlement Fund shall be taxed on its modified gross income, excluding the sums, or cash equivalents of things, transferred to it, in accordance with Treas. Reg. § 1.468B-2.

25

[remainder of page intentionally left blank]

IN WITNESS THEREOF, the Parties hereto have caused this Settlement Agreement and Release to be executed by their duly authorized representatives.

Dated    *24 April 2013*    PLAINTIFF John Hamilton Stinson

By: _Susan M Coe_

Counsel for Plaintiff and
Settlement Class Counsel

Dated    *May 1 2013*    DEFENDANT

By: _Sarah Powell_

Sarah Powell
Senior Vice President, General Counsel
& Corporate Secretary