## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **JOHN HAMILTON STINSON,** | ) | |
| *for himself  and on behalf of all similarly* | ) | |
| *situated individuals* | ) | **Civil Action No.: 7:12-cv-00433** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **By: Hon. Robert S. Ballou** |
| | ) | **United States Magistrate Judge** |
| **ADVANCE AUTO PARTS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### REPORT AND RECOMMENDATION

This matter is before the Court on plaintiff John Hamilton Stinson's ("Stinson") Consent Motion for Agreed Order Granting Preliminary Approval of Settlement, Certifying Class for Purposes of Settlement, Appointing Class Counsel, Directing Notice to the Class, and Scheduling Fairness Hearing (Dkt. No. 21).  Defendant Advance Auto Parts, Inc. ("Advance Auto") has consented to the Motion.

By Order dated July 2, 2013, the question of the appropriateness of class certification and all other matters necessary to insure compliance with Rule 23 of the Federal Rules of Civil Procedure were referred to the undersigned for proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636.

The Parties have submitted a Settlement Agreement ("Agreement") (Dkt. No. 21-1) that the Court has reviewed, and finds that it is just and proper that the Agreement be approved. Based upon the Agreement, the record and exhibits herein, and it appearing to the court that upon preliminary examination, that the proposed settlement appears to be fair, reasonable, and adequate, and that a hearing on the matter should and will be held on October 23, 2013, at 1:30

1

p.m., after notice to the Class Members, to confirm that the proposed settlement is fair,

reasonable, and adequate, and to determine whether a Final Order and Judgment should be

entered in this Lawsuit:

It is hereby **RECOMMENDED** as follows:

1.      The Court find that it has jurisdiction over the subject matter of the Lawsuit and

over all settling parties hereto.

2.      Class Members – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit be

preliminarily certified, for settlement purposes only, as a class action on behalf of the following

classes of plaintiffs (hereinafter referred to as the "Class Members"):

> all natural persons residing in the United States or its territories, (a) who applied
> for an employment position with Defendant or any of its subsidiaries, (b) as part
> of this application process were the subject of a consumer report obtained by a
> Defendant, (c) where that consumer report contained a criminal public record or
> credit item that would disqualify the person from such position under Defendant's
> written hiring policies, (d) which consumer was not then approved or hired for the
> position, (e) and to whom Defendant did not provide a copy of the consumer
> report and other disclosures state at 15 U.S. C. § 1681b(b)(3)(A)(ii) at least five
> business days before the date the employment decision is first noted in
> Defendant's records, provided, however, that the Settlement Class shall exclude:
> (i) all persons who timely and validly request exclusion from the Settlement
> Class; (ii) Defendant's attorneys; (iii) Plaintiff's attorneys; (iv) any judge who has
> presided over either mediation or disposition of this case and the members of his
> immediate family.

There are approximately 2571 Class Members.

3.      Class Representative and Class Counsel – Pursuant to Fed. R. Civ. P. 23, the

Court preliminarily certify Plaintiff John Hamilton Stinson as the Class Representative.  The

Court preliminarily approve Mr. Leonard A. Bennett and Ms. Susan M. Rotkis as Class Counsel.

4.      Preliminary Class Certification – The Court preliminarily find that the Lawsuit

satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

a.      The Class Members are so numerous that joinder of all of them in the

Lawsuit is reasonably impracticable;

      b.      There are questions of law and fact common to the Class Members, which predominate over any individual questions;

      c.      The claims of the Plaintiff are typical of the claims of the Class Members;

      d.      The Plaintiff and class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

      e.      Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair an efficient adjudication of this controversy.

7.      The Court preliminarily find that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement is in all respects fundamentally fair, reasonable, adequate and in the best interest of the Class members, especially in light of the benefits to the Class Members, the strength of the Plaintiff's case, the complexity, expense, and probably duration of further litigation, the risk and delay inherent in possible appeals, the risk of collecting any judgment obtained on behalf of the class, and the limited amount of any potential total recovery for the class.

8.      The Class Action Settlement Administrator – Class Counsel will act as the Class Action Settlement Administrator (the "Settlement Administrator") administer the terms of the Settlement and the notification to Class Members.  Advance Auto shall be responsible for all costs and expense to generate and supply the Class List, to print and mail the Class Notices.  The Settlement Administrator will be responsible for mailing the approved class action notices to the Class Members.  A separate checking account (hereafter "the Settlement Account") will be established by the Settlement Administrator for purposes of depositing the settlement funds for

the sole purpose of issuing settlement checks as directed by the Settlement Agreement.  Advance Auto shall deposit three hundred and sixty thousand dollars ($360,000.00) into this account no later than ten (10) business days after the date on which Preliminary Approval is entered.  The settlement checks shall issue from the Settlement Account only and the Settlement Administrator will verify that the settlement checks were mailed.

9.      Notice – The Court approve the form and substance of the written notice of class action settlement, attached to the Motion for Preliminary Approval as Exhibit B (Dkt. No. 21-2).

The clerk is directed to transmit the record in this case to the Honorable Samuel G. Wilson, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record.  Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days.  Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties.  Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection.

Enter:  September 4, 2013

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge

4