CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 24 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN HAMILTON STINSON, *for himself and on behalf of all similarly situated individuals*,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCE AUTO PARTS, INC.,<br><br>Defendant. | Civil Action No. 7:12CV433<br><br><br>**ORDER**<br><br>By: Samuel G. Wilson<br>United States District Judge |

This case was referred pursuant to 28 U.S.C. § 636 to the Honorable Robert S. Ballou, United States Magistrate Judge. The Magistrate Judge has filed a report recommending that the court preliminarily approve the settlement, certify the class for purposes of settlement, appoint class counsel, direct notice to the class, and schedule a fairness hearing. Objections to the report and recommendation have not been filed and the court, upon review of pertinent portions of the record, is of the opinion that the report should be adopted.

Accordingly, the court finds that it has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto. The court further preliminarily finds:

    1.    That the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

        a.  the Class Members are so numerous that joinder of all of them in the Lawsuit is reasonably impracticable;

        b.  there are questions of law and fact common to the Class Members, which predominate over any individual questions;

1

  c. the claims of the Plaintiff are typical of the claims of the Class Members;

  d. the Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

  e. class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair an efficient adjudication of this controversy.

2.  That the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement is in all respects fundamentally fair, reasonable, adequate and in the best interest of the Class Members, especially in light of the benefits to the Class Members, the strength of the Plaintiff's case, the complexity, expense, and probable duration of further litigation, the risk and delay inherent in possible appeals, the risk of collecting any judgment obtained on behalf of the class, and the limited amount of any potential total recovery for the class.

Accordingly, the court **ORDERS** and **ADJUDGES** that:

1.  Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is preliminarily certified, for settlement purposes only, as a class action on behalf of the following classes of plaintiffs (hereinafter referred to as the "Class Members"), of whom there are approximately 2,571:

> all natural persons residing in the United States or its territories, (a) who applied for an employment position with Defendant or any of its subsidiaries, (b) as part of this application process were the subject of a consumer report obtained by a Defendant, (c) where

that consumer report contained a criminal public record or credit item that would disqualify the person from such position under Defendant's written hiring policies, (d) which consumer was not then approved or hired for the position, (e) and to whom Defendant did not provide a copy of the consumer report and other disclosures state at 15 U.S. C. § 1681b(b)(3)(A)(ii) at least five business days before the date the employment decision is first noted in Defendant's records, provided, however, that the Settlement Class shall exclude: (i) all persons who timely and validly request exclusion from the Settlement Class; (ii) Defendant's attorneys; (iii) Plaintiff's attorneys; (iv) any judge who has presided over either mediation or disposition of this case and the members of his immediate family.

2. Pursuant to Fed. R. Civ. P. 23, Plaintiff John Hamilton Stinson is preliminarily certified as the Class Representative and Mr. Leonard A. Bennett and Ms. Susan M. Rotkis are preliminarily approved as Class Counsel.

3. Class Counsel will act as the Class Action Settlement Administrator (the "Settlement Administrator") to administer the terms of the Settlement and notify Class Members. Advance Auto shall be responsible for all costs and expenses to generate and supply the Class List and to print and mail the Class Notices. The Settlement Administrator will be responsible for mailing the approved class action notices to the Class Members. A separate checking account (hereafter "the Settlement Account") will be established by the Settlement Administrator for purposes of depositing the settlement funds for the sole purpose of issuing settlement checks as directed by the Settlement Agreement. Advance Auto shall deposit three hundred and sixty thousand dollars ($360,000.00) into this account no later than ten (10) business days after the date on which Preliminary Approval is entered. The settlement

checks shall issue from the Settlement Account only and the Settlement Administrator will verify that the settlement checks were mailed.

4. The form and substance of the written notice of class action settlement, attached to the Motion for Preliminary Approval as Exhibit B (Dkt. No. 21-2), is approved.

5. A final Fairness Hearing will be held on January 17, 2014 at 9:00 a.m., after notice to the Class Members, to confirm the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit.

**ENTER**: September 24th, 2013.

_____
UNITED STATES DISTRICT JUDGE